UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHERRY ROBERTS, Plaintiff | ) | CA No. 05-0175/T |
| v. | ) | |
| FIDELITY & GUARANTY LIFE INSURANCE COMPANY, Defendant | ) | **ANSWER AND COUNTERCLAIMS** |

Defendant Fidelity & Guaranty Life Insurance Company ("Fidelity") responds to the allegations of plaintiff's complaint as follows:

**FIRST DEFENSE**

1. Answering the allegations of paragraph 1, alleges that it issued a life insurance policy with a disability rider to plaintiff, the terms of which speak for themselves; except as so alleged, lacks knowledge or information sufficient to form a belief as to the remaining allegations of that paragraph.

2. Answering the allegations of paragraph 2, alleges that it is a Maryland corporation with its principal place of business in Baltimore, Maryland; except as so alleged, lacks knowledge or information sufficient to form a belief as to the remaining allegations of that paragraph.

3. Answering the allegations of paragraph 3, alleges that it is the insurer of life insurance policy no. 3110467 issued to plaintiff on October 17, 2002; except as so alleged, denies the remaining allegations of that paragraph.

4. Lacks knowledge or information sufficient to form a belief as to the truth of paragraphs 4, 5, 6 and 9.

5. Answering the allegations of paragraph 7, alleges that plaintiff submitted a claim for benefits under the policy; except as so alleged, denies the remaining allegations of that paragraph.

6. Answering the allegations of paragraph 8, alleges that plaintiff received benefits from July 25, 2003 until at least February 2004; except as so alleged, denies the remaining allegations of that paragraph.

7. Denies the allegations of paragraphs 10, 13 and 14.

8. Repeats and realleges its responses to paragraphs 1 through 10 in response to paragraph 11.

9. The allegations of paragraph 12 state conclusions of law to which no response is required; to the extent the Court may otherwise interpret that paragraph, Fidelity denies the same.

**SECOND DEFENSE**

10. Plaintiff has failed to state a claim upon which relief can be granted.

**THIRD DEFENSE**

11. Plaintiff's bad faith claim is premature, not ripe and should be severed, stayed or dismissed.

**FOURTH DEFENSE**

12. Fidelity at all times acted rationally, reasonably and in accordance with the terms of the policy and/or rider.

**FIFTH DEFENSE**

13. The disability rider is subject to rescission because of the material misrepresentations and omissions contained in plaintiff's application for disability coverage.

**SIXTH DEFENSE**

14. Plaintiff's claims are barred by estoppel.

**SEVENTH DEFENSE**

15. Plaintiff's claims are barred or limited by the doctrine of unclean hands.

**EIGHTH DEFENSE**

16. Plaintiff's claims are subject to binding arbitration.

**NINTH DEFENSE**

17. Plaintiff's claims may be preempted by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq.

**COUNTERCLAIMS**

18. Plaintiff applied for a life insurance policy with a disability rider from Fidelity on September 6, 2002.

19. Other than admitting that she smoked cigarettes, plaintiff disclosed no other information about her medical history on the application.

20. Plaintiff signed the application, warranting that the information she provided was "complete, true and correctly recorded."

21. In a subsequent paramedical examination, plaintiff disclosed that she suffered from hearing loss and from arthritis in her back.

22. In reliance on the information from plaintiff's application and subsequent examination, Fidelity issued plaintiff the life insurance policy with the disability rider, effective October 17, 2002.

23. Plaintiff submitted a claim for disability benefits in spring 2003.

24. In support of her claim, plaintiff submitted an Attending Physician's Statement of Disability ("PSA") completed by Dr. Eugene Russo, indicating that plaintiff was totally disabled as a result of cervical strain and lumbar strain.

25. Fidelity paid plaintiff benefits from July 25, 2003 through September 24, 2003.

26. Plaintiff submitted a second PSA completed by Dr. Russo, wherein he reaffirmed his diagnosis that plaintiff was totally disabled because of cervical strain and lumbar strain.

27. Fidelity approved an extension of benefits through May 24, 2004.

28. On April 22, 2004 Fidelity received a PSA completed by Dr. Laura Hensler.

29. Dr. Hensler reported that plaintiff could return to work on May 23, 2004.

30. Fidelity stopped paying plaintiff disability benefits as of May 23, 2004.

31. On May 27, 2004 Fidelity received a PSA completed by Dr. William J. Golini.

32. Dr. Golini indicated that plaintiff was disabled as a result of bilateral carpal tunnel syndrome.

33. Because plaintiff's claim was within the contestability period, Fidelity conducted a routine investigation into her medical history.

34. Fidelity learned that plaintiff had previously been tested, treated and diagnosed for carpal tunnel syndrome, including surgery for the same in 2001.

35. Fidelity also learned that plaintiff suffered a prior disability resulting from carpel tunnel syndrome.

36. Plaintiff did not disclose her carpel tunnel syndrome testing, treatment, diagnosis or related disability before Fidelity issued the life insurance policy and disability rider.

37. Plaintiff should have disclosed her carpel tunnel syndrome testing, treatment, diagnosis and related disability in her application for the life insurance policy and disability rider.

38. In a letter dated October 7, 2004 Fidelity notified plaintiff that it was rescinding the disability rider because of misrepresentations in the application and tendered premiums paid for the rider.

39. In a letter dated March 23, 2005, Fidelity notified plaintiff that the remaining life insurance coverage under the policy had lapsed for nonpayment of premiums.

40. Plaintiff subsequently applied for reinstatement of the life insurance policy, which Fidelity denied.

**FIRST COUNTERCLAIM – RESCISSION OF THE DISABILITY RIDER**

41. Fidelity incorporates paragraphs 18 through 40 as if fully set forth herein.

42. Plaintiff was required to provide truthful and accurate responses on the application for the life insurance policy and disability rider.

43. In providing plaintiff with the disability rider, Fidelity reasonably relied upon the truthfulness and accuracy of the information that plaintiff provided on her application.

44. Plaintiff misrepresented and concealed information from Fidelity on her application for coverage.

45. Fidelity did not know the true facts concerning plaintiff's medical condition when it issued the disability rider to her.

46. If Fidelity had known the true facts about plaintiff's medical condition when she applied for the disability rider, it would not have issued coverage as it did.

47. Fidelity has paid plaintiff benefits pursuant to the disability rider and, therefore, has been harmed and damaged by plaintiff's material misrepresentations.

48. The rider is now voidable, unenforceable and subject to rescission at Fidelity's election.

**SECOND COUNTERCLAIM - DECLARATORY RELIEF**
**PURSUANT TO 28 U.S.C. § 2201 AND FED. R. CIV. P. 57**

49. Fidelity incorporates paragraphs 18 through 48 as if fully set forth herein.

50. Pursuant to the policy, plaintiff was obligated to pay monthly premiums to maintain life insurance coverage.

51. Plaintiff's obligation to pay premiums for life insurance coverage continued after the disability rider was rescinded.

52. Plaintiff has failed to make all required premium payments

53. The life insurance policy has lapsed due to nonpayment of premiums and is of no force and effect.

54. There exists an actual controversy between the parties concerning their respective rights and obligations under the life insurance policy.

**THIRD COUNTERCLAIM – UNJUST ENRICHMENT**

55. Fidelity incorporates paragraphs 18 through 54 as if fully set forth herein.

56. Fidelity has conferred a monetary benefit on plaintiff by awarding her disability benefits.

57. Plaintiff has appreciated the benefit by receiving and retaining the disability benefits paid to her.

58. Because of misrepresentations in her application for coverage the disability rider is void and benefits were not properly payable to plaintiff.

59. Plaintiff's misrepresentations on her application for disability coverage make it inequitable for her to retain the disability benefits.

**WHEREFORE**, Fidelity demands judgment dismissing the complaint and for full relief under its counterclaims, specifically rescission of the disability rider, awarding damages and restitution equal to all disability benefits paid to plaintiff, declaring the life insurance policy null and void for nonpayment of premiums, and awarding attorneys' fees, costs and such further relief as the Court may deem appropriate.

Michael J. Daly

Brooks R. Magratten, Esq. #3585
Michael J. Daly, Esq. #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Date: May 31, 2005

CERTIFICATE OF SERVICE

TO:

Anthony J. Gianfrancesco, Esq.
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street, Suite 101
Providence, RI 02903

I hereby certify that I caused to be served on the above-named counsel a copy of the within Answer by first class mail on the 31st day of May 2004.

Melanie Josetto